RECEIVED
IN LAKE CHARLES, LA
JUN 1 6 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| ROBERT LEE DOYLE | CIVIL ACTION NO. 09-0588 SECTION P |
| VS. | JUDGE TRIMBLE |
| WARDEN, BEAUREGARD PARISH JAIL | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Pro se petitioner Robert Lee Doyle, proceeding in forma pauperis, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on April 7, 2009. Petitioner is a pre-trial detainee at the Beauregard Parish Jail, Beauregard Parish, Louisiana. He was injured in a fall at the Beauregard Parish Courthouse in July 2007 and he claims that he has since been denied timely and adequate medical care. On that basis he challenges his continued custody. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Petitioner was booked into the Beauregard Parish Jail on June 1, 2007. His pre-existing spinal abnormalities were made known to jail officials and he was placed on "medical protective custody" status. On July 6, 2007, he was placed in arm and leg restraints and escorted to the Parish Courthouse for court proceedings. At the conclusion of the hearing while he was being returned to jail, he tripped and fell down the stairs at the Courthouse and sustained further injury. He was examined by a physician. According to petitioner he is in need of corrective surgery which the respondent refuses to sanction. On September 16, 2008, petitioner filed a civil rights complaint seeking compensatory damages from those he claims were responsible for his injuries

and current state of disability, including Deputy Broussard, Warden Galbreath, and Nurse Farquhar. *See Robert Lee Doyle v. Beauregard Parish Sheriff's Office, et al.*, No. 2:08-cv-1412. That matter remains on initial review.

## *Law and Analysis*

This Court has jurisdiction to entertain a writ of *habeas corpus* in behalf of a state prisoner such as petitioner, "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254; *see* 28 U.S.C. §2241(c)(3). Thus, *habeas corpus* is the proper vehicle to seek release from custody; but is not appropriate to challenge conditions of confinement or prison procedures. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); see *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989).

In other words, *habeas corpus* is the appropriate method for a state prisoner challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973); *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987). Title 42 U.S.C. § 1983 provides the proper vehicle to attack conditions of confinement. *See Carson*, 112 F.3d at 820; *Cook v. Tex. Dept. of Crim. Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).

Claims attacking the "fact or duration of confinement," as well as those claims which are "so intertwined" with attacks on confinement that their success would "necessarily imply" some modification of confinement, must be brought as *habeas corpus* petitions and not under § 1983. *Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002) (citing *Martinez v. Tex. Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir. 2002)).

Petitioner's claim – that he has been denied medical care for the injury he sustained in July 2007 – is not "so intertwined" with this attack on his present pre-trial confinement that its

success would "necessarily imply" modification of confinement. The claim should be brought under § 1983, and, as shown above, it has been so filed and remains pending in this Court.

In short, petitioner has not shown that his custody violates the Constitution and laws of the United States and therefore this petition should be dismissed with prejudice.

## *Conclusion*

Accordingly, IT IS RECOMMENDED that this petition for *habeas corpus* be DISMISSED WITH PREJUDICE because petitioner has failed to state a claim for which *habeas corpus* relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

In Lake Charles, Louisiana, this 16th day of June, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE